UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAYLIN PARKER,**

Plaintiff,

vs.   CASE NO.:

**GREEN MOUNTAIN SPECIALTIES CORP,**
a Florida Profit Corporation,

Defendant.
_____/

## COMPLAINT

Plaintiff, DAYLIN PARKER, by and through his undersigned counsel, and sues the Defendant, GREEN MOUNTAIN SPECIALTIES CORP, a Florida Profit Corporation, and alleges as follows:

### JURISDICTION AND VENUE

I.   Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *etseq.*

2.   Venue lies within United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 139l(b).

### PARTIES

3.   Plaintiff, DAYLIN PARKER ("PARKER"), is a resident of Pinellas County, Florida at all times material and worked for Defendant in this Judicial District during the applicable statute of limitations.

4. Defendant, GREEN MOUNTAIN SPECIALTIES CORP, is a Florida Profit Corporation authorized and doing business in this Judicial District.

5. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

6. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

7. Plaintiff, DAYLIN PARKER, was employed with Defendant from approximately January 8, 2019 to January 18, 2019 as a Laborer at the rate of $14.00 per hour.

8. As a laborer, Plaintiff worked in excess of 40 hours per work week. He was not compensated by Defendant for any hours worked and for hours worked over 40 at a rate of time and one half his regular hourly rate.

9. Plaintiff was not compensated for any hours worked for Defendant.

## COUNT I
## (FAIR LABOR STANDARDS ACT - MINIMUM WAGE)

10. Plaintiff re-alleges paragraphs 1 through 9 as though set forth fully herein.

11. At all times material hereto, Plaintiff was paid a salary.

12. Plaintiff regularly made less than the minimum wage required to be paid to employees under the FLSA.

13. At all times material, Defendant, GREEN MOUNTAIN SPECIALTIES CORP, failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage.

14. Defendants' failure to pay Plaintiff the required wage was intentional and willful.

15. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff, DAYLIN PARKER, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

### COUNT II
### (FAIR LABOR STANDARD ACT – OVERTIME)

16. Plaintiff realleges paragraphs 1 through 9 as though set forth fully herein.

17. The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

18. At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

19. Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

20. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff, DAYLIN PARKER, respectfully requests all legal and equitable

relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

21. Plaintiff requests a jury trial on all issues so triable.

Dated this 20th day of August, 2019.

                            **FLORIN, GRAY, BOUZAS, OWENS, LLC**

                            */s/ Miguel Bouzas*
                            **MIGUEL BOUZAS, ESQUIRE**
                            Florida Bar No.: 48943
                            Primary: miguel@fgbolaw.com
                            Secondary: gina@fgbolaw.com
                            **WOLFGANG M. FLORIN, ESQUIRE**
                            Florida Bar No.: 907804
                            wolfgang@fgbolaw.com
                            16524 Pointe Village Drive,
                            Suite 100
                            Lutz, FL 33558
                            Telephone (727) 254-5255
                            Facsimile (727) 483-7942
                            Attorneys for Plaintiff