# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAYLIN PARKER,**

      **Plaintiff,**

**v.**                                            **Case No: 6:19-cv-1571-Orl-37GJK**

**GREEN MOUNTAIN SPECIALTIES CORP.,**

      **Defendant.**

## REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 23)** |
| **FILED:** | **March 31, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.   BACKGROUND.**

On August 20, 2019, Plaintiff filed a Complaint (the "Complaint") against Defendant. Doc. No. 1. Plaintiff, who was employed by Defendant as a laborer from January 8, 2019 to January 18, 2019 at a rate of $14.00 per hour, alleges that he was not paid overtime wages for work he performed in excess of forty hours per week and that he was not paid for any hours worked. *Id.*

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

As a result, the Complaint asserts claims for unpaid overtime wages and minimum wages under the Fair Labor Standards Act ("FLSA"). *Id.*

On September 25, 2019, a return of service was filed, in which the Volusia County Sheriff's Office averred that it served Scarlet Marsil as the Registered Agent for Defendant. Doc. No. 11. On November 5, 2019, Plaintiff filed a Motion for Clerk's Default Pursuant to Rule 55(a). Doc. No. 13. On November 6, 2019, a clerk's default was entered against Defendant. Doc. No. 14.

On March 31, 2020, Plaintiff filed a Renewed Motion for Entry of Default Final Judgment (the "Motion").[2] Doc. No. 23. In his Motion, Plaintiff indicates that on September 23, 2019, Defendant paid Plaintiff his wages in the amounts of $378.00 and $462.00, but Defendant failed to pay liquidated damages and attorney's fees.[3] *Id.* at 1, 3; Doc. No. 23-2. Plaintiff seeks liquidated damages in the amount of $840.00, taxable costs of $462.00, and attorney's fees of $4,840 plus pre- and post-judgment interest. Doc. No. 23 at 2-3; 23-2. Plaintiff has attached an affidavit, copies of invoices for his costs and an affidavit of counsel in support of his attorney's fees. Doc. Nos. 23-2, 23-3, 23-4.

## II.     STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the

---

[2] An earlier motion for default judgment was denied by this Court for insufficient allegations and Plaintiff's failure to quantify his liquidated damages. Doc. No. 20.

[3] While Plaintiff alleged failure to pay overtime wages, Plaintiff does not seek a judgment on that basis and is proceeding only on the minimum wage claim. Doc. Nos. 23, 23-2.

claims and parties, and that the well-pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To this end, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If a plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment. With respect to a request for damages, the plaintiff bears the burden of demonstrating entitlement to the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). No hearing is needed, however, "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See id.* at 1232 n.13; *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages"). A plaintiff may use affidavits in an effort to quantify the damages claim. *Adolph Coors*, 777 F.2d at 1544.

**III.   ANALYSIS.**

    **A.  Clerk's Default.**

Under the Federal Rules of Civil Procedure, a corporation may be served pursuant to: 1) the laws of the state where the district court is located or where service is made; or 2) the methods of service provided in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1). The Federal Rules of Civil Procedure and Florida law each provide that a corporation may be served by serving the corporation's registered agent. Fed. R. Civ. P. 4(h)(1)(B); Fla Stat. § 48.081(3)(a) (2016).

Service of process on a corporation may be made by service on a registered agent designated by the corporation. Fla. Stat. §§ 48.081(3)(c), 48.091. Defendant's registered agent

was served with process and, to date, Defendant has neither responded to the Complaint nor appeared in this action. Accordingly, the Clerk properly entered default against it. Fed. R. Civ. P. 55(a).[5]

### B. FLSA.

To prevail on a claim for minimum wage compensation under FLSA, the plaintiff must establish: 1) the defendant employed him; 2) either (a) the defendant was engaged in interstate commerce, or (b) the defendant is an enterprise engaged in interstate commerce; and 3) the defendant did not pay him the minimum wage. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08–cv–926–Orl–31KRS, 2009 WL 1607809, at *3 (M.D. Fla. June 9, 2009).

#### 1. Employment

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* at § 203(d). Given the broad definition of "employer," an employee "may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).

Plaintiff alleges and avers that he was an employee of Defendant. Doc. Nos. 1, 23, 23-2. Plaintiff alleges and avers that Defendant is an enterprise engaged in commerce. *Id.*; Doc. Nos. 1,

---

[5] The Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1337. The Court also has personal jurisdiction over Defendant, as it is incorporated and conducts business in Florida. Doc. No. 1 at 2.

23, 23-2.  Accepting these allegations and averments as true, the undersigned finds Plaintiff has sufficiently demonstrated that he was employed by Defendant.

### 2. *Failure to Pay Minimum Wage.*

Plaintiff alleges and avers that he was not paid for his work as a laborer at a rate of $14.00 per hour.  Doc. Nos. 1 at 2, 23.  In his Motion, Plaintiff indicates that *after his Complaint* was filed and served on Defendant, Defendant paid Plaintiff for all the hours at issue – 33 hours for one week at $14.00 per hour and 27 hours for a second week at $14.00 per hour.  Doc. No. 23-2.  Accepting these averments as true, the undersigned finds that Plaintiff sufficiently demonstrated that Defendant employed him and did not *timely* pay him a statutory minimum wage.  Plaintiff sufficiently demonstrates that Defendant violated the FLSA's minimum wage provision.

**C. Damages.**

Plaintiff is entitled to recover the difference between the hourly statutory minimum wage and the wage he received for the work he performed. 29 U.S.C. § 206(a)(1).  In an FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated."  *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988).  A plaintiff may establish his or her damages by affidavit. *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).  Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of*

*Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

While Defendant paid the wages due after this suit was filed, Plaintiff also seeks an award of liquidated damages. Doc. Nos. 1, 23. Plaintiff alleges that Defendant willfully refused to pay him minimum wages. Doc. No. 1 at 2. Defendant has not presented any evidence of a good faith failure to pay minimum wages or overtime wages. Therefore, by virtue of Defendant's default, Defendant admits that it willfully violated the FLSA. *Ojeda-Sanchez*, 499 F. App'x at 902. As a result, the undersigned finds that Plaintiff is entitled to an award of liquidated damages. Plaintiff states that "Defendant delivered to Plaintiff directly checks in the gross amounts of $378.00 and $462.00, the amounts at issue in this matter." Doc. No. 23-2. Plaintiff seeks a corresponding amount of $840.00 in liquidated damages. *Id.* However, under the statute, Plaintiff is only entitled to liquidated damages in an amount equal to the unpaid minimum wage, which is $7.25 an hour for the 60 hours he was not paid. *See* 29 U.S.C. §§ 206(a)(1)(c), 216(c). Thus, Plaintiff is entitled to liquidated damages of $435.00.

### D. Costs.

The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action." 29 U.S.C. § 216(b). In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920."). A court, though, may not tax costs "in excess of those permitted by Congress under 28 U.S.C. § 1920*.*" *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). The filing fee and fees for service of process are recoverable

and reasonable. 28 U.S.C. § 1920(1).  Accordingly, it is **RECOMMENDED** that the Court award $462.00 in costs.

### E. Attorney's Fees.

The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."  29 U.S.C. § 216(b).  Plaintiff's counsel requests an hourly rate of $400.00 for 12.1 hours of work.  Doc. No. 23 at 7.  In support of the request for attorney's fees, counsel attaches a time sheet to support the hours claimed and a declaration supporting the requested rate.  Doc. Nos. 23 at 7; 23-4; 23-5.

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). The Court is itself an expert in prevailing market rates.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).  As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Plaintiff's counsel seeks $400 per hour. Doc. No. 23 at 7. Counsel has been licensed since 2007 and practices exclusively in labor and employment law.  Doc. No. 23-5.  However, the Court

has routinely found lower hourly rates to be reasonable in these types of cases. *Rizzo-Alderson v. Tawfik*, No. 5:17-cv-312, 2019 U.S. Dist. LEXIS 124279, at *8 (M.D. Fla. July 1, 2019) (collecting cases that reflect courts in the Middle District have awarded rates between $250-$375 per hour in FLSA cases).[6] Based on this Court's experience and the nature of this case, the Court finds that an appropriate hourly rate would be $300 per hour. Further, after reviewing counsel's time sheet, the Court finds that the amount of time spent on the case is reasonable. Thus, attorney's fees in the amount of $3,630.00 should be awarded.

### F. Prejudgment and Postjudgment Interest.

"[A] plaintiff may not recover both liquidated damages and pre-judgment interest under the FLSA." *Edenfield v. Crib 4 Life, Inc.*, No. 6:13-cv-319, 2014 U.S. Dist. LEXIS 46822, at *9 (M.D. Fla. Mar. 10, 2014) (citing *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)); *Brooklyn Svgs. Bank v. O'Neil*, 324 U.S. 697, 715 (1945) (allowing plaintiff to receive liquidated damages and prejudgment interest would have the effect of providing double recovery for the delay in payment of minimum wage). However, postjudgment interest is appropriate. 28 U.S.C. § 1961

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 23) be **GRANTED in part** and **DENIED in part** as follows:

1. The Court enter a judgment in favor of Plaintiff against Defendant for liquidated damages in the amount of $435.00;

---

[6] Counsel indicates he has been awarded a $400 hourly rate in a recent case, *O'Brien v. Bella Nails & Spa Svcs., Inc.*, No. 8:18-cv-2658 (M.D. Fla. 2019). Doc. No. 23-5. However, upon review of that case, the Court notes the original default judgment was vacated in favor of a settlement agreement, and the vacated order offered no analysis regarding counsel's reasonable hourly rate, thus the case does not support counsel's claimed hourly rate. *O'Brien*, No. 8:18-cv-2658 at Doc. Nos. 15, 16 and 29.

2. The Court enter a judgment for costs in favor of Plaintiff against Defendant in the amount of $462.00;

3. The Court enter a judgment for attorney's fees in favor of Plaintiff against Defendant in the amount of $3,630.00;

4. Postjudgment interest be awarded;

5. The remainder of the Motion be **DENIED**; and

6. The Court direct the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on April 7, 2020.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy